Southwestern Railroad Company *vs.* Bently.

---

SOUTHWESTERN RAILROAD COMPANY, plaintiff in error, *vs.* LOU BENTLY, defendant in error.

Where a railroad company retains the trunk of a passenger under its lien for her fare, it is liable for any articles that may be taken therefrom whilst in its possession.

*Certiorari.* Railroads. Lien. Before Judge STROZER. Dougherty county. At Chambers. October 3d, 1873.

For the facts of this case, see the decision.

VASON & DAVIS; LYON & JACKSON, for plaintiff in error.

SMITH & JONES, for defendant.

WARNER, Chief Justice.

In September, 1872, the plaintiff was at Macon, and desired to go to Albany on the defendant's road as a passenger, but did not have the money to pay her fare, which fact she

communicated to the conductor of defendant's passenger train, and proposed to pawn her trunk for it.   He consented for her to do so, and received her as a passenger on board of defendant's cars, with her trunk, to be carried to Albany.   On her arrival at Albany, the conductor of defendant's train of cars retained her trunk for the payment of her fare from Macon to Albany, and placed it in defendant's baggage room at its depot, with the understanding that as soon as she paid her fare she was to have her trunk.   When the defendant's conductor took the trunk into his possession at Albany, it was locked.   Some time afterwards she paid the money due for her fare from Macon to Albany and got her trunk, and then discovered it was unlocked and several articles which she had therein were missing, of the aggregate value of $38 20.

Suit having been instituted therefor, on the trial of the case before the justice, after hearing the evidence on both sides, he gave judgment in favor of the plaintiff for the value of the goods which had been taken from the trunk whilst in defendant's possession.   Application was made to the judge of the superior court for a writ of *certiorari*, which was refused, and the defendant excepted.

The defendant had a lien by law on the plaintiff's trunk, as her baggage, for her fare as a passenger from Macon to Albany over its road: Code, section 2079.   If the defendant had taken possession of the plaintiff's trunk on her arrival at Albany, and retained possession of it, claiming a lien thereon for her fare as a passenger, and the loss had occurred whilst the trunk was in its possession for that purpose, the defendant would have been liable for such loss, and the fact that the plaintiff consented that the defendant should have the lien on her baggage for her fare which the law gave to it does not alter or change the defendant's liability for the loss which occurred whilst the trunk was in its possession, and held as a lien for her fare.   In the one case, it would have retained the possession of the plaintiff's trunk under its legal lien for her fare *without* her consent.   In the other, it retained the possession of her trunk as a lien for her fare *with* her consent.

Whether the defendant retained the plaintiff's trunk in its possession after her arrival at Albany, under its lien for her fare, with or without her consent, it was liable for the loss which occurred whilst in its possession, claiming a lien thereon for her fare, due to it as a passenger who had been transported over its road.

Let the judgment of the court below be affirmed.